IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CATHY DOWNARD                                                    PLAINTIFF

       v.       Civil No. 05-5204

UNITED STATES OFFICE OF
PERSONNEL MANAGEMENT, an
Agency of the United States
of America, and BLUE CROSS
AND BLUE SHIELD OF MISSOURI                                     DEFENDANTS

## O R D E R

Now on this 5th day of July, 2006, comes on to be considered the **Motion to Strike Jury Trial Demand (Doc. 11)** filed by defendant United States Office of Personnel Management ("OPM"). The Court, having reviewed the motion and supporting memorandum and plaintiff's response, and, being well and sufficiently advised, finds and orders as follows with respect thereto:

    1.   Plaintiff brings this action under the Federal Employees Health Benefits Act, 5 U.S.C. §§ 8901 - 8914, challenging the OPM's decision regarding health insurance coverage for a gastric bypass procedure plaintiff underwent in October 2003. In her complaint, plaintiff requested "a jury trial on all factual issues." (Doc. 1 ¶ 30.)

    2.   The OPM argues that plaintiff is not entitled to a jury trial, as the Court's review of OPM's decision regarding plaintiff's medical benefits is limited to a review of the

administrative record under an arbitrary and capricious standard of review.

3. In response, plaintiff argues that the OPM's fact-finding procedures were inadequate, warranting a de novo standard of review "which would lend itself [to] a trial by jury." (Doc. 14 at pg. 4.) Plaintiff further argues that she should be permitted to introduce additional evidence because the administrative record "is adequate." Id.

4. An administrative agency's decision is generally reviewed under the arbitrary and capricious standard set forth in 5 U.S.C. § 706(2)(A). See Nesseim v. Mail Handlers Benefit Plan, 995 F.2d 804, 806 (8th Cir. 1993). A de novo review is appropriate only if the agency's fact-finding procedures were inadequate. Id.

5. In her complaint, plaintiff cited no deficiencies in OPM's fact-finding procedures and merely characterized OPM's decision as "arbitrary and capricious." The conclusory assertion plaintiff now makes regarding OPM's fact-finding procedures is inadequate to warrant de novo review or supplementation of the administrative record. Further, even if plaintiff had demonstrated that OPM's fact-finding procedures were inadequate, she would not be entitled to a jury trial but to a "trial de novo by the *reviewing court.*" See § 706(2)(F) (emphasis added).

6. Accordingly, OPM's **Motion to Strike Jury Trial Demand (Doc. 11)** is GRANTED.

The parties are hereby directed to file a stipulated administrative record, which is to include an index of the documents contained therein, within 45 days.

Plaintiff is directed to file a brief on her position within 30 days thereafter.  Defendant's brief shall be filed within 30 days thereafter.  No reply briefs will be allowed unless leave of the court has been granted.

The court will conduct its review upon receipt of the materials outlined above.

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE